**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | No. 3:10-CR-163-L |
| | § § | |
| JEFFREY BLAZE TOTH | § | |

### PLEA AGREEMENT

Jeffrey Blaze Toth, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Toth understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Toth waives these rights and pleads guilty to the offense alleged in Count One of the indictment, Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). Toth understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose on Count One include:

    a. imprisonment for a period not less than 10 years, and not more than life;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of any term of years or life but not less than five years, which may be mandatory under the law and will follow any term of imprisonment. If Toth violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which is mandatory under the law, and which Toth agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f. costs of incarceration and supervision; and

    g. forfeiture of property.

4. **Sentencing agreement**: Pursuant to Rule 11(c)(1)(C), FED. R. CRIM. P., the parties agree that the appropriate term of imprisonment is 210 months (17.5 years). If the Court accepts this plea agreement, this provision is binding on the Court.

5. **Rejection of agreement.** Pursuant to Rule 11(c)(5), FED. R. CRIM. P., if the Court rejects this plea agreement, Toth will be allowed to withdraw his guilty plea. If Toth declines to withdraw his guilty plea, the disposition of the case may be less favorable than that contemplated by this agreement.

6. **Mandatory special assessment**: Toth agrees to pay to the U.S. District Clerk the amount of $100.00 in satisfaction of the mandatory special assessment in this case.

7. **Defendant's cooperation**: Upon demand, Toth shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

8. **Forfeiture**: Toth agrees to forfeit all his right, title, and interest in the following property to the United States of America ("the property"): one Compaq computer, S/N MX302C9492; one Toshiba laptop, S/N 77078339W; one Lenovo laptop, S/N R8-ZRVVX, and orange case; two Motorola cellular phones; three SanDisk USB thumb drives on keychain; three loose USB thumb drives; one Canon digital camera, S/N 9129371824, with case and adapter; one Kingston Micro SD card; two silver Kingwin external hard drives; one Seagate hard drive, S/N 2GE258MY; one USB camera with driver; one Aiptek megacam, S/N ADF20056516; one mobile hard drive; 29 CDs with one CD case; assorted power cords, adapter cords, battery chargers, and case holders; one HP Pavilion A6554F, S/N 3CR8220xSJ; one SanDisk Cruzer Mini 512MB thumb drive; one Western Digital external hard drive, S/N WCAL92950777; one SanDisk Micro Cruzer 2GB thumb drive; one Western Digital external dard drive, S/N WXEZ08R33298; one Kingwin computer storage device; and one Western Digital hard drive, S/N WMAD14645699. Toth agrees to forfeit the property pursuant to 18 U.S.C. § 2253 as a result of his commission of and conviction for the offense alleged in Count One of the indictment, as he admits the property was used or intended to be used to commit or to

Plea Agreement - Page 3

promote the commission of that offense. He consents to the entry of orders of forfeiture for the property and waives any requirements of Rules 7, 32.2, and/or 43(a) of the Federal Rules of Criminal Procedure (including notice of forfeiture in the charging instrument) regarding any criminal forfeiture proceedings. He acknowledges and understands that the forfeiture of the property is part of the sentence which may be imposed in this case and waives any requirement of the Court to advise him of the same pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. He agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the property. He waives all challenges (constitutional, statutory, habeas, etc.) to the forfeiture of the property and agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of the property. Toth states that he is the sole owner of the property.

9. **Government's agreement**: The government will not bring any additional charges against Toth based upon the conduct underlying and related to Toth's plea of guilty. The government also agrees to dismiss, after sentencing, the remaining charges in the pending indictment. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Toth or any property.

10. **Violation of agreement**: Toth understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government

**Plea Agreement - Page 4**

will be free from any obligations of the agreement and free to prosecute Toth for all offenses of which it has knowledge. In such event, Toth waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Toth also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

11.     **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.     **Waiver of right to appeal or otherwise challenge sentence**: Toth waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Toth, however, reserves the rights (a) to challenge the voluntariness of his plea of guilty or this waiver, and (b) to bring a claim of ineffective assistance of counsel.

13.     **Representation of counsel**: Toth has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Toth has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Toth has

**Plea Agreement - Page 5**

concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this _10th_ day of _September_, 2010.

_____  8/31/10
LINDA GROVES
Deputy Criminal Chief

_____
CHAD MEACHAM
Crimanal Chief

_____  9/9/2010
JEFFREY BLAZE TOTH
Defendant

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
LISA J. MILLER
Assistant United States Attorney
Oklahoma State Bar No. 16795
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone: 214.659.8600
Facsimile: 214.767.2846
Email: Lisa.Miller@usdoj.gov

_____  9/9/10
REED W. PROSPERE
Attorney for Defendant

Plea Agreement - Page 6

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____ 9/9/2010　　　　　　_____
JEFFREY BLAZE TOTH　　　　　　　　　　　　　　Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant, including the notice that he is required to register as a sex offender. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____　　　　　　　　　　9/9/10
REED W. PROSPERE　　　　　　　　　　　　　　Date
Attorney for Defendant

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

_____ 9/9/2010　　　　　　_____
JEFFREY BLAZE TOTH　　　　　　　　　　　　　　Date
Defendant

_____　　　　　　　　　　9/9/10
REED W. PROSPERE　　　　　　　　　　　　　　Date
Attorney for Defendant

Plea Agreement - Page 7